IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MELANIE A. FAST,** | ) | Case No. 8:07CV310 |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) ) | MEMORANDUM AND ORDER |
| **NANCY FAST, and UNIVERSITY OF NEBRASKA MEDICAL CENTER,** | ) ) ) ) | |
| **Defendants.** | ) | |

The plaintiff was granted leave to proceed in forma pauperis. As such, the suit is subject to the court's sua sponte review under 28 U.S.C. § 1915(e)(2).

28 U.S.C. § 1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
. . .

(B) the action or appeal--

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Having reviewed the plaintiff's pro se complaint, and liberally construing its allegations, I conclude dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

When reviewing a complaint for failure to state a claim, the court must construe the allegations in the light most favorable to the plaintiff. A complaint filed in forma pauperis is subject to dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim if it appears beyond doubt that the plaintiff cannot prove any set of facts which would entitle her to relief. Goodroad v. Bloomberg, 1997 WL 633078, *1 (8th Cir. 1997)(affirming dismissal of pro se complaint with prejudice upon review under 28 U.S.C.

§ 1915(e)(2)(B)(ii)(citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(applying Fed.R.Civ.P.12(b)(6) standard of review to section 1915(e)(2)(B)(ii) dismissal) and Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994)(applying Rule 12(b)(6) standard of review)).

The plaintiff's complaint alleges that defendant Nancy Fast, an employee at the University of Nebraska Medical Center ("UNMC"), has access to UNMC patient medical records. The plaintiff alleges that her husband and defendant Fast's husband were opposing parties in a lawsuit over a mechanic's lien. She claims defendant Fast had access to the plaintiff's medical records and account details on file at UNMC, and although she had no employment-related reason for doing so, defendant Fast used her work computer to look up and review the plaintiff's confidential medical and personal information. The plaintiff claims defendant Fast located the plaintiff's new address from those records, and can now continue harassing the plaintiff. The plaintiff alleges she is also concerned that defendant Fast will use plaintiff's social security number to harm the plaintiff's credit rating. The plaintiff claims defendant Fast violated rights her under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.A. § 1320d et seq. She seeks justice.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). Rather, "private rights of action to enforce federal law must be created by Congress." Alexander v. Sandoval, 532 U.S. 275, 286 (2001).

HIPAA imposes requirements on the Department of Health and Human Services, health plans, and healthcare providers involved in the exchange of health information to protect the confidentiality of such information. It provides for both civil and criminal penalties for individuals who improperly handle or disclose individually identifiable health information. Johnson v. Quander, 370 F. Supp. 2d 79, 99 (D.D.C. 2005). However, the courts have universally held that HIPAA does not create a private right of action. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006)(collecting cases and explaining that although no other circuit court has specifically addressed the issue, "[e]very district court that has considered this issue is in agreement that the statute does not support a private right of action."). See also Johnson, 370 F. Supp. 2d at 99 (collecting cases); University of Colorado Hosp. v. Denver Pub. Co.,340 F. Supp. 2d 1142, 1145 (D. Colo. 2004)(collecting cases). In other words, a federal agency can file lawsuits to recover civil and criminal

penalties against those who violate HIPAA, but private citizens cannot. The plaintiff cannot state a claim for recovery under HIPAA.

In addition, to the extent the plaintiff alleges defendant Fast may, in the future, use plaintiff's confidential information to harass or harm her, that claim is speculative and presents no current case or controversy for the court to resolve.

The plaintiff's complaint fails to state a claim upon which relief may be granted. Any attempt to amend the complaint in order to state a claim would be futile.

Accordingly,

IT IS ORDERED:

1. The above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Judgment will be entered in accordance with this Memorandum and Order.

DATED this 23rd day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge